IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUDITH J. MOFFIT | * | |
| v. | * | Civil No. JFM-09-2029 |
| BALTIMORE AMERICAN MORTGAGE, ET AL. | * | |
| AND | * | |
| EDWIN K. RUBLE | * | |
| v. | * | Civil No. JFM-09-2028 |
| THE MORTGAGE CONSULTANTS, INC., ET AL. | * | |
| AND | * | |
| LYNN A. FULMORE | * | |
| v. | * | Civil No. JFM-09-2056 |
| PREMIER FINANCIAL CORPORATION, ET AL. | * | |

*********

OPINION

Each of these cases was removed to this court from the Circuit Court of Maryland for Baltimore City. In all the cases plaintiffs have filed a motion to remand. The motions will be denied.

The material facts are the same in the three cases. Plaintiffs originally filed individual complaints alleging various violations of the Maryland Secondary Mortgage Loan Law. They amended their claim once in state court but added no class allegations in the amended complaint. The trial court dismissed plaintiffs' claims on the ground that they were barred by Maryland's

1

three-year limitations statute. On appeal, the Maryland Court of Appeals reversed, finding that Maryland's twelve-year limitations statute, rather than the three year limitations statute, applied.

After the Maryland Court of Appeals opinion was issued, plaintiffs' counsel sent to defendants' counsel a draft Second Amended and Class Action Complaint ("Second Amended Class Action Complaint") and a covering letter stating that the Second Amended Class Action Complaint would be filed in the near future unless a settlement were reached. Believing that the allegations in the proposed Second Amended Class Action Complaint met the requirements for the exercise of federal jurisdiction under the Class Action Fairness Act ("CAFA") and reasonably believing that the draft Second Amended Class Action Complaint and covering letter could be deemed to be "other paper[s]" within the meaning of 28 U.S.C. §1446(b) triggering the thirty day period for removal, defendants filed notices of removal. Shortly thereafter, plaintiffs filed their Second Amended Class Action Complaints in this court. Subsequently, plaintiffs filed motions to remand.[1]

As a general proposition "[a] party that engages in affirmative activity in federal court typically waives the right to seek a remand." *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996). I find that this case falls well within the ambit of this principle. Nothing could more clearly constitute "affirmative activity" than the filing of a Second Amended Class Action Complaint alleging, as plaintiffs have done here, facts that clearly give rise to federal jurisdiction. Further, considerations of sound policy dictate that plaintiffs must be deemed to have waived their right to seek a remand. If they had waited for this court to rule upon their

---

[1] In their motions to remand plaintiffs argue only that the draft Second Amended Complaint and covering letter did not constitute "other paper[s]" within the meaning of §1446(b). They do not argue that this action was not commenced before the effective date of the Class Action Fairness Act. Because the original complaints and the first amended complaints were not class actions in which the rights of additional parties were being asserted, plaintiffs' position in this regard appears consistent with this court's decision in *Lloyd v. General Motors Corp.*, 560 F. Supp. 2d 420, 424 (D. Md. 2008).

motions to remand and, in the event that those motions were granted, filed their Second Amended Class Action Complaints in state court after remand, defendants could then have filed renewed notices of removal, eliminating the "other paper" issue upon which plaintiff's current motions to remand are based. Thus, by holding that plaintiffs had *not* waived their right to seek remand by filing their Second Amended Class Action Complaints in this court, I would be permitting them to manipulate the litigation process to deprive this court of jurisdiction it otherwise would have.[2]

*King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425 (4th Cir. 2003) is clearly distinguishable. There, the defendant had filed a notice of removal on the ground that plaintiff's state law claims were preempted by ERISA. Plaintiff disagreed but, after (in ruling on a motion to remand) the district court held that ERISA did preempt plaintiff's state law claims, she amended her complaint to assert a claim under ERISA. On appeal, the Fourth Circuit held that plaintiff's state law claims were not preempted by ERISA and that her filing of an amended complaint after the district court had denied her motion to remand did not constitute a waiver of her right to object to removal. The court reasoned (quite appropriately in my view) that plaintiff had preserved her right to seek remand by opposing removal in the first instance and that she amended her complaint merely to comply with the district court's holding that her state law claims were preempted by ERISA. In contrast, in the instant case plaintiffs amended their complaints before this court had ruled upon their motions to remand. Indeed, the motions to remand were not filed until after the Second Amended Class Action Complaints had been filed. Moreover, even if I

---

[2] I also note that defendants have filed motions for leave to file amended notices of removal to allege as a basis for the removal the filing of the Second Amended Class Action Complaints in this court. Although ordinarily amended notices of removal relate to clarifying the basis for removal that had existed prior to the filing of the original notice of removal, *see, e.g., Nutter v. Rents, Inc.*, 1991 WL 193490 at *2 (4th Cir. Oct. 1, 1991), granting leave to defendants to file amended notices of removal here is proper as an alternative method of preventing plaintiffs from manipulating the litigation process to deprive this court of jurisdiction. Accordingly, defendants' motions will be granted.

had denied plaintiffs' motions to remand, plaintiffs would not have been required to file second amended complaints to preserve their right to proceed in this court as to the claims asserted as of the time of removal because the removals were challenged not on the ground that those claims were preempted but on the separate and independent ground that defendants had not yet received a "paper" from which it could be ascertained that the actions had become removable.

      A separate order effecting the rulings made in this memorandum is being entered herewith.

DATE:      October 9, 2009           __/s/_____
                                                      J. Frederick Motz
                                                      United States District Judge